UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| ELIJAH SHEPHERD, | ) | CASE NO. 1:15-cv-00631 |
| --- | --- | --- |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | **ORDER AND DECISION** |
| ALAN LAZAROFF, Warden, | ) | |
| Respondent. | ) | |

This matter appears before the Court on Petitioner Elijah Shepherd's objections to the Magistrate Judge's Report and Recommendation ("R & R") recommending dismissal of Shepherd's habeas corpus action. Doc. 16. For the following reasons, Shepherd's objections are OVERRULED, and the Court ADOPTS the Magistrate Judge's Report and Recommendation and DISMISSES the underlying habeas petition. Doc. 16.

The R & R adequately states the factual and procedural background of this case. Shepherd has demonstrated no error in that background, so the Court will not reiterate those sections herein.

**I.  STANDARD OF REVIEW**

If a party files written objections to a magistrate judge's report and recommendation, a judge must perform a de novo review of "those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## II. LAW AND ANALYSIS

The *Antiterrorism and Effective Death Penalty Act of 1996* (AEDPA) governs this Court's review of the instant case. *See Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir. 1997). The relevant portion of the habeas statute provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1) and (2). As the Magistrate Judge accurately stated:

> Clearly established federal law is to be determined by the holdings of the United States Supreme Court. *See Parker v. Matthews,* 132 S. Ct. 2148, 2012 WL 2076341, *6 (U.S. Jun. 11, 2012); *Renico v Lett,* 559 U.S. , 130 S.Ct. 1855, 1865-1866 (2010); *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Ruimveld v. Birkett*, 404 F.3d 1006, 1010 (6th Cir. 2005). However, an explicit statement by the Supreme Court is not mandatory; rather, "the legal principles and standards flowing from [Supreme Court] precedent" also qualify as "clearly established law." *Ruimveld*, 404 F.3d at 1010 (*quoting Taylor v. Withrow*, 288 F.3d 846, 852 (6th Cir. 2002)) The Supreme Court has indicated, however, that circuit precedent does not constitute "clearly established Federal law, as determined by the Supreme Court." *Parker*, 2012 WL 2076341, *6; *Howes v. Walker,* 132 S.Ct. 2741, 2012 WL 508160 (2012).
>
> A state court's decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. at 413. By contrast, a state court's decision involves an unreasonable application of clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. However, a federal district court may not find a state court's decision unreasonable

> "simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Rather, a federal district court must determine whether the state court's decision constituted an objectively unreasonable application of federal law. *Id.* at 410-12. "This standard generally requires that federal courts defer to state-court decisions." *Strickland v. Pitcher*, 162 Fed. Appx. 511, 516 (6th Cir. 2006) (*citing Herbert v. Billy*, 160 F.3d 1131, 1135 (6th Cir. 1998)).
>
> In *Harrington v. Richter*, 562 U.S. 86, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011), the Supreme Court held that as long as "fairminded jurists could disagree on the correctness of the state court's decision," relief is precluded under the AEDPA. *Id*. at 786 (internal quotation marks omitted). The Court admonished that a reviewing court may not "treat[ ] the reasonableness question as a test of its confidence in the result it would reach under *de novo* review," and that "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*. at 785. The Court noted that Section 2254(d) "reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems" and does not function as a "substitute for ordinary error correction through appeal." *Id*. (internal quotation marks omitted). Therefore, a petitioner "must show that the state court's ruling ... was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. at 786 87. This is a very high standard, which the Supreme Court readily acknowledged. *See id.* at 786 ("If this standard is difficult to meet, that is because it is meant to be.").

Doc. 9-10.

### A. GROUND ONE: Speedy Trial

On his first claim for relief, Shepherd does not detail how the R & R miscalculated his time in custody for speedy trial purposes. Instead, he states that he "relies upon the arguments raised in his habeas petition." Doc. 21. "A general objection, or one that merely restates the arguments previously presented are not sufficient to alert the court to alleged errors on the part of the magistrate judge. An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not

3

an 'objection' as that term is used in this context." *Aldrich v. Block*, 327 F.Supp.2d 743, 747 (E.D. Mich., 2004). As such, Shepherd's objection is overruled.

### B. GROUNDS TWO AND FOUR: Ineffective Assistance of Trial Counsel

Shepherd objects to the R & R's finding that he failed to demonstrate ineffective assistance of trial counsel. In order to establish ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient and that this deficient performance caused prejudice to the petitioner. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct 2052 (1984). To demonstrate that counsel's performance was deficient, a petitioner must show that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed to the [petitioner] by the Sixth Amendment." *Id.* In order to demonstrate that this deficient performance caused prejudice to the petitioner, he must show that the counsel's errors were so serious that the petitioner was deprived of a fair trial. *Id.* Essentially, a petitioner must demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

However, a petitioner's disagreements with the strategies or tactics of counsel are not enough to establish a claim for ineffective assistance of counsel. *Id.* at 689. There is a presumption that counsel's conduct was due to strategy. *Id.* Accordingly, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. Supreme Court decisions do not suggest that a petitioner "has a constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points." *Jones v. Barnes*, 463 U.S. 745, 750-54, 103 S.Ct 3308 (1983). Even if the claims that counsel does not

pursue are nonfrivolous, the required showing of prejudice cannot be made if the claims lack merit. *Burton v. Renico*, 391 F.3d 764, 774 (6th Cir. 2005).

Habeas courts must bear in mind that "[s]urmounting *Strickland*'s high bar is never an easy task." *Harrington v. Richter*, 562 U.S. 86, 131 S.Ct. 770, 788 (2011) (citations and internal quotation marks omitted). "Judicial scrutiny of a counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight…." *Strickland*, 466 U.S. at 689. "*Strickland* specifically commands that a court 'must indulge [the] strong presumption' that counsel 'made all significant decisions in the exercise of reasonable professional judgment,'" recognizing "the constitutionally protected independence of counsel and…the wide latitude counsel must have in making tactical decisions." *Cullen v. Pinholster*, 563 U.S. 170, 189, 131 S.Ct. 1388 (2011) ("'[T]here is a strong presumption that [counsel took certain actions] for tactical reasons rather than through sheer neglect.'").

Here, Shepherd "objects to the Magistrate [Judge's] reliance on opening argument of counsel as evidence of a sound trial strategy in claiming alibi when no such evidence of alibi was presented and all of the available evidence at trial tended to lend itself to a theory of self[-]defense." Doc. 21 at 1. However, as noted by the Magistrate Judge and the state appellate court, "[o]n the day of trial, before the trial court called the jury, it asked defense counsel, '[h]as your client given any consideration to a plea in this case?' Defense counsel responded, '[y]our Honor, I have talked to him in depth about the possibility of pleading. He said he was not there. He did not do it. I told him that I thought it was in his best interest to consider a plea and [he] still hasn't.'" Doc. 16 at 24. The Magistrate Judge also notes that "[b]efore trial, defense counsel told the trial court that, against his advice, Shepherd would not accept a plea because he insisted that 'he was not there.

5

He did not do it.'" Doc. 16 at 25 (*quoting* Doc. 12-1, Tr. 58). Shepherd did not voice his disagreement with this defense in either instance.

While Shepherd now argues that this defense was "absurd," "…Shepherd does not identify anything in the record that contradicts the state court's findings or its reasonable presumption that counsel chose his theory of defense based on Shepherd's insistence that he was not present during the shooting." Docs. 16 and 21. Given this, Shepherd cannot overcome the "strong presumption" that his trial counsel "made all significant decisions in the exercise of reasonable professional judgment." *Cullen*, 563 U.S. at 189. Shepherd's objections are without merit.

### C. GROUND THREE: Trial Court Error/Ex Parte Communication

Shepherd argues that the trial court gave a "factually incorrect" instruction to the jury based on an alleged ex parte response to a jury question. However, as Shepherd acknowledges in his objections, he failed to object to the instruction during trial. Procedural default also occurs if the petitioner fails "to raise a claim in state court, and pursue that claim through the state's ordinary appellate review procedures." *Thompson v. Bell*. 580 F.3d 423, 437 (6th Cir. 2009) (quoting *Harris v. Reed*, 489 U.S. 255, 263) (internal citations and quotations omitted). As such, Shepherd's argument has been procedurally defaulted, and his objection is overruled.

### III. CONCLUSION

For the reasons set forth herein, the Court finds no merit to Shepherd's objections, and therefore, those objections are OVERRULED. The Court ADOPTS Magistrate Judge's R&R. Doc. 16. Shepherd's Petition for Habeas Corpus is DISMISSED.

6

The Court certifies, pursuant to 28 U.S.C. § 1915(A)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b).

    IT IS SO ORDERED.

DATE: May 8, 2017           */s/ John R. Adams*
         Judge John R. Adams
         UNITED STATES DISTRICT COURT